**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| WASTE CONNECTIONS OF NORTH CAROLINA, INC., | ) ) ) | **Civil Action No. 3:14-cv-00642** |
| Plaintiff, | ) ) | **CONSENT PROTECTIVE ORDER** |
| vs. | ) ) | |
| K.R. DRENTH TRUCKING, INC., d/b/a KRD TRUCKING | ) ) ) | |
| Defendant. | ) ) ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, and good cause appearing, it is hereby **ORDERED** that:

1. This Protective Order governs the designation, disclosure and use of confidential information by Plaintiff and Defendant in the above-identified action. This Order shall govern until modified or superseded by a further Order of the Court.

2. The scope of this Protective Order shall be as follows:

(a) As used in this Protective Order, the term "Discovery Materials" encompasses, but is not limited to: any type of document or testimony; any taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reason of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, requests for admission, and subpoenas *duces tecum,* including all responses thereto; and any physical objects or things or other information gained by inspection of any tangible thing.

(b) This Protective Order shall govern any and all Discovery Material produced before or after entry of this Protective Order and includes, but is not limited to, Discovery Material produced in response to any discovery conducted by Plaintiff or Defendant in this above-captioned case. Nothing in this Protective Order prevents Plaintiff, Defendant or a non-party from designating Discovery Material pursuant to this Protective Order, including Discovery Material produced in other litigation.

(c) Non-parties may invoke the protection of this Protective Order for documents and deposition testimony and exhibits provided in connection with this litigation

including, but not limited to, documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties, and all confidential information of non-parties as contained in such documents and depositions shall be protected hereunder in the same manner as the confidential information of the parties to this Protective Order as long as the nonparty agrees to be bound by this Protective Order and those subsequent amendments to this Protective Order concerning which the nonparty has received written notice and an opportunity to seek a Protective Order.

3. Plaintiff and Defendant, and any non-party from whom discovery is sought in connection with this action, may designate as "*Confidential*" any Discovery Material that contains "Confidential Information," as more specifically defined in Paragraph 4 below. Except as provided in Paragraphs 11-13, no designation shall be effective unless there is placed or affixed on such material a *"Confidential"* marking.

4. No designation of confidentiality shall be made unless the designating party or non-party from whom discovery is sought believes in good faith that the designated Discovery Material constitutes a trade secret or other confidential research, development, or commercial information entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (herein, "Confidential Information"). Discovery Material designated *"Confidential"* pursuant to this Order shall refer to any so designated document, testimony, or other Discovery Material and all copies thereof, and shall also refer to the information contained in such material and any summaries thereof.

5. Until or unless the Court rules otherwise, Discovery Material marked or otherwise designated as *"Confidential"* and the information contained therein, shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) Outside counsel for Plaintiff and Defendant in the above-identified litigation, such counsel including their clerical, litigation support and paralegal employees who agree to be bound by and comply with the terms of this Protective Order. As used herein "outside counsel" shall mean attorneys for the respective firms who have entered appearances on behalf of Plaintiff and Defendant in this above-captioned litigation.

(b) In-house employees of Plaintiff and Defendant.

(c) Consultants / experts for each of the Plaintiff and Defendant, said consultants / experts specifically engaged by counsel or a party to assist in this litigation; provided however, that

i) the consultant / expert has signed an undertaking in the form of the attached Exhibit A, which such undertaking shall be maintained by counsel for the party specifically engaging the consultant / expert until the conclusion of this litigation; and

    ii)  the consultant / expert is not employed by any party to this litigation or any competitor of any party to this litigation.

  (d) The Court and its officers, court stenographers and outside copy services whose function requires them to have access to Discovery Material designated as *"Confidential"* under this Protective Order.

  (e) Personnel of third party vendors engaged by a party or by counsel for a party to assist in (i) the coding, imaging or other management of documents produced in discovery in this litigation; (ii) the translation of any foreign language document or testimony; (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iv) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party and provided such personnel of third party vendors execute the undertaking attached as Exhibit A before getting access to Discovery Material designated as *"Confidential."*

  6. Notwithstanding Paragraph 5 above, any witness, other than a direct competitor of a Party whose *"Confidential"* information is sought to be disclosed, who has a bona fide need to review said documents or other materials in connection with providing testimony or preparing to provide testimony, who has agreed to be bound by and comply with this Order and who has executed the undertaking attached as Exhibit A, may be shown any document containing material designated *"Confidential"* if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or if the designating party so agrees.

  7. In the event Plaintiff desires for a non-witness who does not fall within the categories contained in Paragraph 5 above to review *"Confidential"* information produced by Defendant, then Plaintiff shall so notify Defendant and give Defendant reasonable time to object. If Defendant objects to Plaintiff' desired disclosure of Defendant's *"Confidential"* information to the non-witness, then Plaintiff must obtain permission from the Court before disclosing Defendant's *"Confidential"* information to the non-witness.

  8. Prior to any disclosure of *"Confidential"* information pursuant to Paragraphs 5-6 above, each recipient of such *"Confidential"* information shall execute the Confidentiality Agreement annexed hereto as Exhibit A. These signed confidentiality undertakings shall be maintained by outside counsel for the receiving party.

  9. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked *"Confidential."* After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

10. Testimony given at a deposition or hearing and the resulting transcript may be designated as *"Confidential"* by an appropriate statement at the time of the giving of such testimony or thereafter by notifying the other party to this Protective Order in writing of the portions of such testimony to be so designated within thirty (30) days from the date of the deposition. Unless the parties otherwise agree, the entire transcript of the deposition shall be deemed designated as *"Confidential"* for thirty (30) days from the date of the deposition. Any transcript or testimony or portions thereof so designated will thereafter be handled and marked in accordance with the provisions of this Protective Order. Subject to the provisions of this Protective Order, Plaintiff and Defendant agree that certain deposition testimony may be transmitted via a live webcast or other technology to persons authorized to review such testimony if adequate procedures are utilized, which procedures have been agreed upon by the parties and the applicable witnesses. Plaintiff and Defendant further agree that no one may attend or review the transcripts of the portions of any depositions at which *"Confidential"* information is shown or discussed, other than those persons authorized to have access to *"Confidential"* information as described above.

11. Discovery Material produced without the designation of *"Confidential"* may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error and the designation is corrected within a reasonable amount of time. If Discovery Material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in Paragraphs 5 and 6 of this Order. Any inadvertent production of documents without the designation as *"Confidential"* shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

12. Any party that mistakenly produces materials protected by the attorney/client privilege, work product doctrine or other privilege, doctrine or right may obtain the return of those materials by promptly notifying the recipient(s) of the produced documents. The recipient shall then immediately cease all use of the privileged material and gather and return all copies of the privileged material to the producing party. Any inadvertent production of such privileged documents shall not be deemed a waiver in whole or in part of that party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

13. No party shall be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not constitute an admission by the receiving party that the information is *"Confidential"* or preclude a subsequent challenge to such designation. A party that challenges a designation by another party may move the Court to order de-designation of any material only after participating in an in-person or telephonic meet and confer in which the parties shall seek in good faith to resolve their dispute. If a motion is filed, the moving party shall bear the burden of establishing the need for the lower designation or de-designation. The disputed material shall remain *"Confidential"* until the Court rules on such motion or the parties reach agreement on the designation.

14. All Discovery Material exchanged between Plaintiff and Defendant in this action, whether designated under provisions of this Protective Order or not, shall be used by the receiving party solely for the prosecution or defense of the claims in the above-styled action.

15. If Confidential Information of the other party or a nonparty in the possession, custody, or control of any party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, counsel for the party to whom the process or discovery request is directed must give written notice to the other party or nonparty, prior to the disclosure of the other party or nonparty's information, of the other party or nonparty's right to submit any objections in writing to this Court, or another court with jurisdiction, within twenty-one (21) days of the receipt of such notice. If the other party or nonparty submits such written objections to the production of said Confidential Information within twenty-one (21) days of receipt of such written notice, counsel for the party receiving the request shall not disclose such Confidential Information until the objection(s) have been resolved. If any such documents are ultimately produced, they may be designated as *"Confidential"* under this Protective Order.

16. Within sixty (60) days after the conclusion of this case, including any appeals and all proceedings resulting therefrom, all *"Confidential"* information designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the producing party, opposing counsel shall certify in writing that such material has been destroyed. Counsel for any party or nonparty receiving *"Confidential"* information shall provide written certification of compliance with this provision to counsel for the producing party within ninety (90) days after the conclusion of the above-captioned action.

17. No *"Confidential"* material shall be filed in the public record of this action. Any document or thing containing or embodying *"Confidential"* material that is to be filed in this proceeding shall be filed under seal as permitted by the Court or pursuant to the instructions of the Court for filing such material. Nothing in this provision shall prevent an additional copy from being sent to chambers as a courtesy copy as long as it is sent in a sealed envelope indicating that it contains *"Confidential"* material. Such documents shall be opened and reviewed only by authorized Court personnel or upon request, by counsel of record, after written notice to opposing counsel.

18. With respect to testimony elicited during hearings and other court proceedings, whenever outside counsel for any party deems that any question or line of questioning calls for the disclosure of *"Confidential"* information, outside counsel may designate on the record prior to such disclosure that the disclosure is *"Confidential."* Any presentation of *"Confidential"* information to this Court at or prior to trial shall be made in the presence of only the presiding officer and other court personnel, an authorized court reporter, outside counsel for the parties to this Protective Order, and to such individuals duly qualified under Paragraphs 5-6 herein. Prior to any presentation of *"Confidential"* material, the presiding officer or the Clerk of this Court shall advise all court personnel and court reporters of the confidential nature of the *"Confidential"* information and of the duty to maintain the confidentiality of such information.

19. The restrictions set forth in any of the preceding paragraphs, including Paragraphs 4-7, shall not apply to information or material that:

(a) was, is, or becomes public in a manner other than by violation of this Protective Order or another Protective Order;

(b) is acquired by the nondesignating party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the nondisclosing party.

20. This Protective Order is without prejudice to either party's right to oppose production of documents on any ground other than confidentiality or seeking to amend this Protective Order at a later time.

21. This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by Order of this Court.

22. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

**IT IS SO ORDERED.**

Signed: May 7, 2015

Graham C. Mullen
United States District Judge

# **EXHIBIT A**

## **STATEMENT OF CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Protective Order entered by the Court on _____, 2015. I understand the terms of the Order and agree to abide by its contents.

_____      _____
Name      Date

_____      _____
Name      Date